# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST LEE ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>HOWARD, CHRYSTALINE, J. DAVI. V. BLACK, PUSH, SURITER,<br><br>    Defendants. | 1:15-cv-001283-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Ernest Lee Allen ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the Magistrate Judge. (ECF NO. 4.) Plaintiff initiated this action on August 21, 2015. Plaintiff's complaint, filed on August 21, 2015 (ECF No. 1), is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable fo r the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Men's Colony, East. Plaintiff brings suit against Correctional Officer Howard, Correctional Officer Chrystaline, Correctional Officer J. Davi, Correctional Sgt. V. Black, Correctional Officer Push, and Correctional Officer Suriter.  While unclear from the allegations, it appears the events at issue took place at San Quentin State Prison, California Men's Colony, and California Substance Abuse Treatment Facility at Corcoran (CSATF).

Plaintiff alleges as follows:  Plaintiff states that his civil rights have been violated  by medical care, access to courts, free speech, and freedom of association, freedom from cruel and unusual punishments, mental abuse and physical abuse.  Plaintiff alleges he has been injured and had broken bones.  He alleges that he has not been able to make telephone calls or to write letters

to any attorney except his appeal attorney. Plaintiff alleges that he has been threatened and harassed. He has had things stolen from him. He alleges his privacy has been invaded.

### III. Deficiencies in Complaint

As discussed more fully below, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. Plaintiff will be given leave to amend his complaint. To assist Plaintiff in amending his complaint, the Court provides the following pleading and legal standards that apply to his claims.

#### A. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff does not make any factual allegations concerning the defendants named in this action. Plaintiff has not linked the defendant to acts or omissions showing that each defendant participated in, or directed the violation of, any of his Constitutional rights. Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend his complaint, he must allege what each individual defendant, by name, did or did not do that resulted in a violation of his constitutional rights.

**B. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not clearly set forth the factual allegations underlying his claims. Plaintiff fails to describe specific actions taken by the defendants named in his complaint which violated his constitutional rights. The complaint lumps defendants together and fails to distinguish adequately claims and alleged wrongs among defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2). Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend his complaint, he must set forth factual allegations against each named defendant sufficient to state a claim.[1]

**C. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are

---

[1] A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence ... must be stated in a separate count." Federal Rule of Civil Procedure 10(b). The function of the complaint is not to list every single fact or attach every document relating to Plaintiff's claims. Plaintiff shall separate his claims, so that it is clear what are his claims and who are the Defendants involved. Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim.

properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Although not entirely clear, it appears Plaintiff is raising different claims against different defendants which are unrelated, which he may not do in this action. For example, Plaintiff may not pursue a claim against certain defendant(s) for issues related to his mail, while simultaneously pursuing a claim against other defendant(s) for the denial of adequate medical care. Further, Plaintiff may not bring claims for actions arising out of conduct at different institutions.  Unrelated claims against different defendants or at different institutions belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces, but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### D.  Supervisory Liability

To the extent Plaintiff seeks to hold a supervisor liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation."

Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

### E.  Mail

Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (First Amendment not violated where prison's mail regulation related to a legitimate penological interest). Isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990). See also Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights). Aa temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir.1999).

Plaintiff has failed to allege who was responsible for the delays and/or withholding his mail.

### F.  Access to Courts

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" by being shut out of court. Lewis, 518 U.S. at 350-51. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

While Plaintiff alleges that he has several proceedings pending, he does not allege whether he suffered any injury and who was responsible for that injury.   Leave to amend will be granted.

///

**G. Conditions of Confinement**

The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

**H. First Amendment**

The First Amendment prohibits government officials from "abridging the freedom of speech...or the right of the people peaceably to assemble." Prisoners retain those First Amendment rights not inconsistent with their status as prisoners or with legitimate penological objectives of the corrections system. See Pell v. Procunier, 417 U.S. 817, 822 (1974). Although a prisoner does not lose all First Amendment protections when he enters prison, id., the "inmate's 'status as a prisoner' and the operational realities of a prison dictate restrictions on the associational rights among inmates." Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 125-26 (1977).

Prison regulations that infringe on a prisoner's First Amendment rights are valid so long as they are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). A prison regulation that impinges on a prisoner's First Amendment right to free speech is valid only if it meets the Turner test. Shaw v. Murphy, 532 U.S. 223, 229 (2001). In addition, although the Supreme Court has held that the First Amendment right to freedom of

association is among the rights least compatible with incarceration, Overton v. Bazzetta, 539 U.S. 126, 131 (2003), it has not determined the scope of associational rights that prisoners might retain, id. at 132.

### I. Cell Searches/Privacy

An inmate has no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures." Hudson v. Palmer, 468 U.S. 517, 536 (1984). Plaintiff's allegation that his cell is frequently searched fails to state a claim.

### IV. Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint, filed August 21, 2015 (ECF No. 1), is dismissed for failure to state a claim;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4.      **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **October 21, 2016**                    /s/ Barbara A. McAuliffe          _
                                                   UNITED STATES MAGISTRATE JUDGE